UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUC BURBON AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>FACTORY DIRECT CRAFT SUPPLY, INC.,<br><br>Defendant. | No. 1:21-CV-01054-MKB-RLM<br><br>Chief Judge Margo K. Brodie<br><br>Magistrate Judge Roanne L. Mann<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Factory Direct Craft Supply, Inc. ("Defendant" or "Factory Direct") hereby answers the Complaint ("Complaint") of Luc Burbon ("Plaintiff"). Unless Defendant admits or otherwise responds to any specific allegation, Defendant denies the allegations in the Complaint, including any allegations contained in headings or the prayer for relief. Defendant answers further as follows:

**INTRODUCTION**

1. Defendant denies the allegations asserted in Paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 2 of the Complaint and on that basis denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 2 of the Complaint and on that basis denies the same.

4. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 2 of the Complaint and on that basis denies the same.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 6 of the Complaint.

7. Defendant denies the allegations asserted in Paragraph 7 of the Complaint.

8. Defendant denies the allegations asserted in Paragraph 8 of the Complaint.

9. Defendant denies the allegations asserted in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint asserts legal conclusions to which no answer is required.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. 12. Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 12 of the Complaint.

70043529v1

13. Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 15 of the Complaint.

## PARTIES

16. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 16 of the Complaint and on that basis denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 17 of the Complaint and on that basis denies the same.

18. Defendant denies the allegations in Paragraph 18 of the Complaint except to admit that it is an Ohio corporation with an address alleged and that it operates a website.

19. Defendant denies the allegations asserted in Paragraph 19 of the Complaint. Defendant further states that its website speaks for itself, and denies any allegations inconsistent therewith.

70043529v1

20. Paragraph 20 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 20 of the Complaint.

## **NATURE OF ACTION**

21. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 21 of the Complaint and on that basis denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 22 of the Complaint and on that basis denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 23 of the Complaint and on that basis denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 24 of the Complaint and on that basis denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 25 of the Complaint and on that basis denies the same except to admit that WCAG guidelines exist.

26. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 26 of the Complaint and on that basis denies the same.

70043529v1

## STATEMENT OF FACTS

### DEFENDANT'S BARRIERS ON ITS WEBSITE

27. Defendant denies the allegations asserted in Paragraph 27 of the Complaint except to admit that it operates the website. Defendant further states that its website speaks for itself, and denies any allegations inconsistent therewith.

28. Defendant denies the allegations asserted in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 29 of the Complaint and on that basis denies the same..

30. Defendant denies the allegations asserted in Paragraph 30 of the Complaint.

31. Defendant denies the allegations asserted in Paragraph 31 of the Complaint.

32. Defendant denies the allegations asserted in Paragraph 32 of the Complaint.

33. Defendant denies the allegations asserted in Paragraph 33 of the Complaint.

### DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

34. Defendant denies the allegations asserted in Paragraph 34 of the Complaint.

35. Defendant denies the allegations asserted in Paragraph 35 of the Complaint.

36. Defendant denies the allegations asserted in Paragraph 36 of the Complaint.

37. Defendant denies the allegations asserted in Paragraph 37 of the Complaint.

38. Defendant denies the allegations asserted in Paragraph 38 of the Complaint.

39. Defendant denies the allegations asserted in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations asserted in Paragraph 42 of the Complaint.

43. Defendant denies the allegations asserted in Paragraph 43.

44. Defendant denies the allegations asserted in Paragraph 44 of the Complaint.

45. Defendant denies the allegations asserted in Paragraph 45 of the Complaint.

46. Defendant denies the allegations asserted in Paragraph 46 of the Complaint.

70043529v1

## CLASS ACTION ALLEGATIONS

47. Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 53 of the Complaint.

70043529v1

54. Defendant denies the allegations asserted in Paragraph 54 of the Complaint.

**FIRST CAUSE OF ACTION**
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 et seq.

55. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute.

57. Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant states that the statute speaks for itself and denies any allegation inconsistent therewith.

59. Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant states that the statute speaks for itself and denies any allegation inconsistent therewith..

60. Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute.

61. Paragraph 61 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 62 of the Complaint.

**SECOND CAUSE OF ACTION**
VIOLATIONS OF THE NYSHRL

63. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

64. Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute. 65.

Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute..

70043529v1

69. Paragraph 69 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the statute..

70. Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted in Paragraph 70 of the Complaint and on that basis denies the same except to admit that WCAG guidelines exist..

71. Paragraph 71 of the Complaint and its subparagraphs assert legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 71 of the Complaint.

72. Defendant denies the allegations asserted in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 77 of the Complaint.

**THIRD CAUSE OF ACTION**
VIOLATIONS OF THE NYCHRL

78. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the provision..

80. Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations except to admit that Plaintiff has selectively quoted the provision..

70043529v1

84. Paragraph 84 and its subparagraphs of the Complaint assert legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 84 of the Complaint.

85. Defendant denies the allegations asserted in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 90 of the Complaint.

70043529v1

## FOURTH CAUSE OF ACTION
DELARATORY RELIEF

91. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

92. Paragraph 92 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 93 of the Complaint.

## DEFENSES

Defendant makes the following allegations as defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, because they are moot.

## THIRD AFFIRMATIVE DEFENSE

3. At no time material hereto did Defendant act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is not entitled to any of the relief requested in the Complaint and Defendant acted in good faith at all times.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and/or excuse.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, because the claimed violations are *de minimis*, and non-actionable as they do not materially impair Plaintiff's use of an area for an intended purpose.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

## NINTH AFFIRMATIVE DEFENSE

9. The imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, nor do they trigger an "alteration" legal standard, for reasons including, but not limited to, the disproportionate cost of the modifications sought.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole in part, because any alterations made by Defendant are sufficient in that they satisfy the "maximum extent feasible" standard within the meaning of 42 U.S.C. § 12183(a)(1).

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred in whole or in part, because the modifications Plaintiff seeks would cause an undue burden or hardship upon Defendant.

70043529v1

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant has made a good faith effort to comply with the ADA, NYSHRL, New York State Civil Rights Law, NYCHRL, New York Executive Law, and the Administrative Code of the City of New York, and all other applicable New York State and city laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the applicable statute of limitations including the New York Executive Law § 297(5) and the New York City Administrative Code Chapter 5 § 8-502.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, because Plaintiff has filed numerous ADA lawsuits and should be declared a "vexatious litigant" who must seek leave of court before filing additional lawsuits.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendant notice of alleged violations prior to filing lawsuit,

when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims, and claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, because, with respect to any particular element of the Defendant's website that departs from accessibility guidelines, the Defendant has provided "equivalent facilitation" in the form of alternative access, designs and technologies that provide substantially equivalent or greater usability and access.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff lacks standing to pursue this matter because Plaintiff does not plan to return to the Defendant's website and/or did not plan to purchase or shop on Defendant's website, thus Plaintiff suffers no injury that can be redressed by a favorable decision.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, as Plaintiff is not an adequate representative of the proposed class, and there are no others similarly situated as Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are moot, as Defendant

has offered other reasonable accommodations and have made modifications to their website.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred as Defendant's business is strictly web based and has no connection to an actual physical place in which a purported consumer may visit.

### ADDITIONAL DEFENSES

23. Defendant reserves the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

WHEREFORE, having fully answered, Defendant Factory Direct Craft Supply, Inc. respectfully requests that the Court:

1) Dismiss the claims alleged in Plaintiff's Complaint with prejudice;
2) Award Defendant its attorneys' fees and costs; and
3) Award Defendant any further relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Daniel H. Bryan*
Daniel H. Bryan
**TAFT STETTINIUS & HOLLISTER LLP**
200 Public Square, Ste 3500
Cleveland, OH 44114
Phone: (216) 241-2838
Fax: (216)241-3707
dbryan@taftlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             /s/ *Daniel H. Bryan*
                                             Daniel H. Bryan